IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| RHYNIE COBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 116-073 |
| ) | |
| TERRY SANDERS; LINDE LLC; and ) | |
| ZURICH AMERICAN INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In consideration of the record and oral argument at the August 2, 2016 hearing, the Court **REPORTS** and **RECOMMENDS** this case be **REMANDED** to the Superior Court of Richmond County based on lack of subject-matter jurisdiction and this civil action be **CLOSED**.

### I. BACKGROUND

Plaintiff's complaint asserts claims arising out of a vehicle accident that occurred on May 19, 2014, in Effingham County, Georgia. (Compl., doc. no. 1-2, ¶¶ 5-8.) Plaintiff alleges Defendant Sanders, as an agent and employee of Defendant Linde LLC, was following too closely in the tractor-trailer he was operating and struck the rear of Plaintiff's tractor-trialer at a high rate of speed. (Id. ¶¶ 7-8.) Plaintiff alleges he suffered severe and permanent bodily injuries as a direct result of the collision and seeks past, present, and future medical expenses, as well as past and future lost wages. (Id. ¶¶ 28-30.) Plaintiff also claims

damages for past, present and future pain and suffering, disability, disfigurement, mental anguish, lost enjoyment of life, and lost earning capacity. (Id. ¶ 32.) Plaintiff further claims entitlement to "all compensatory, general, special, incidental, punitive, non-economic, consequential, and/or other damages permitted." (Id.)

Plaintiff filed the complaint in the Superior Court of Richmond County, and Defendants filed their Notice of Removal on June 3, 2016, based on diversity of citizenship and an amount in controversy greater than $75,000. (Notice of Removal, doc. no. 1.) Defendants premised the removal on the assertion that the lengthy list of indeterminate damages in the complaint made it "facially apparent" that the requisite amount in controversy had been established. (Id. ¶ 11.)

On July 8, 2016, this Court issued an Order setting a hearing on August 2, 2016, to allow Defendants to introduce evidence as to the amount in controversy, finding the allegations in the notice of removal to be insufficient for this Court to assume jurisdiction. (Doc. no. 17.) In response to the Order, the parties filed a Stipulation from Plaintiff stating the value of all damages sustained exceeds $75,000, exclusive of interest and costs, and he will seek more than $75,000 at trial. (Doc. no. 20.) The Stipulation also includes medical records documenting $30,901.05 in treatment costs related to the accident and suggesting the possibility of future surgery. (Id., Ex. A.) Plaintiff claims the accident injured his shoulder, back, and knee. (See, e.g., id. at 5.) More than half of his medical bills related to chiropractic care. (See id.; doc. no. 22.) The Stipulation also contained a pre-suit demand letter for $225,000. (Doc. no. 20, Ex. B.)

At the hearing, counsel highlighted various portions of the information already submitted, but did not offer additional information, verification, or itemization in support of

2

the contention this case satisfies the amount-in-controversy requirement. In fact, counsel clarified that some of the initial damages sought are no longer at issue, *i.e.*, disfigurement, or currently at risk as lacking substantiation, *i.e.*, lost wages.

## II. DISCUSSION

Generally, a defendant may remove an action from state court when the federal court would possess original jurisdiction over the subject matter, "except as otherwise expressly provided by an Act of Congress." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). The Court construes the removal statute narrowly. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 766 (11th Cir. 2010).

A removing defendant has the burden to establish federal jurisdiction. See Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). And the removing party must point to facts, not conclusory allegations, to meet its burden. See Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001). Moreover, "[w]here, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Id. at 1319. "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." Pretka, 608 F.3d at 751.

A settlement offer is relevant to determining the amount in controversy but not determinative that the case meets the jurisdictional amount. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994). Likewise, an indeterminate claim for damages is not dispositive but should not be ignored by the Court. See Roe v. Michelin N. Am., Inc., 613

F.3d 1058, 1064 (11th Cir. 2010). Rather, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Id. at 1062 (footnote omitted). However, the existence of jurisdiction should not be "divined by looking to the stars." Lowery v. Alabama Power Co., 483 F.3d 1184, 1215 (11th Cir. 2007).

Here, Defendants have failed to meet their burden by a preponderance of the evidence to show that the amount in controversy exceeds $75,000. At the hearing, it was undisputed that the only itemized damages Plaintiff has incurred from the accident amount to approximately $31,000 in medical bills. Thus, in order to meet the jurisdictional requirement, Defendant must demonstrate at least $44,000 in general damages by Plaintiff. Defendants seek to rely on Plaintiff's pre-suit demand, potential future medical bills, and the ongoing pain and suffering Plaintiff has experienced as a result of the accident to support jurisdiction. However, none of these are sufficient.

In regards to the pre-suit demand for $225,000, (doc. no. 20, Ex. B), it does not reflect a reasonable estimate of the value of this case. A settlement offer, while not determinative, counts for something. Burns, 31 F.3d at 1097. However, what it counts for depends on whether the offer provides specific information to support Plaintiff's claim for damages and whether it offers a reasonable assessment of the value of the claim. See id.; Golden Apple Mgmt. Co. v. GEAC Computers, Inc., 990 F. Supp. 1364, 1368 (M.D. Ala. 1998); see also Cross v. Wal-Mart Stores, E., LP, No. 7:11-CV-21, 2011 WL 976414, at *2 (M.D. Ga. Mar. 17, 2011) (noting pre-suit demand letters often amount to mere posturing for settlement purposes).

4

Here, the settlement offer is a brief letter attaching medical bills as of January 21, 2016, totaling approximately $29,900, but it does not itemize damages or provide any type of calculation as to how the amount of $225,000 was reached. It apparently included much of the same 229 pages of medical records attached to the pre-hearing Stipulation filed in this Court and discussed at the hearing as lacking in specifics. (See doc. no. 20, Ex. A.) Likewise, Plaintiff's refusal to sign a stipulation that his damages will not exceed $ 75,000 does not satisfy Defendants' burden because there are several reasons why a plaintiff may choose not to bind himself to such a position early in his case. See Williams, 269 F.3d at 1320.

Having reviewed the record and listened to the arguments at the hearing, the Court finds little to substantiate an assertion of $44,000 in additional damages, whether due to future medical expenses, pain and suffering, lost enjoyment of life, or lost wages. To the contrary, the medical evidence in the case is complicated by Plaintiff having had heart surgery since the time of the accident at issue, an intervening factor which has caused indecision by Plaintiff concerning whether he will even attempt to seek lost wages as part of his damages.

Additionally, counsel could offer no itemized estimates on future medical costs because the case record to date is devoid of helpful imaging evidence or other concrete medical evidence showing what, if any, future surgery may be necessary as a result of the accident. In any event, because jurisdiction must exist at the time of removal, the possibility of future medical expenses is not determinative. Sinclair v. State Farm Mut. Auto. Ins., No. 2:11-CV-320, 2011 WL 2746823, at *2 (M.D. Fla. July 14, 2011) ("The argument that the expenses will include future medical expenses, past wage loss, future wage loss, and pain

5

and suffering is also irrelevant to the inquiry of whether the amount in controversy was adequate at the time of removal.").

In sum, the Court cannot conclude that Defendants have met their burden to show by a preponderance of the evidence the value of this case meets the $75,000 jurisdictional threshold. Indeed, this finding is in line with the conclusions of other District Courts in the Eleventh Circuit. See Cross, 2011 WL 976414, at *2 (finding no jurisdiction in slip-and-fall case with $45,000 in medicals, allegations of general damages, and a demand letter for $125,000); Arrington v. Wal-Mart Stores, Inc., No. 7:13-CV-154, 2014 WL 657398, at *1 (M.D. Ga. Feb. 20, 2014) (finding no jurisdiction in slip-and-fall case with $44,000 in medicals and insufficient evidence to calculate future monetary losses); but see Farley v. Variety Wholesalers, Inc., No. 5:13-CV-52, 2013 WL 1748608, at *2 (M.D. Ga. Apr. 23, 2013) (finding jurisdiction in premises liability case with $13,000 in medicals and the possibility of two future surgeries).

### III. CONCLUSION

Because there is no subject-matter jurisdiction, the Court **REPORTS** and **RECOMMENDS** this action be **REMANDED** to the Superior Court Richmond County and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of August, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

6